UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00151-RJC

| | |
|---|---|
| AMY OWEN GIBBY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Social Security Brief, (Doc. No. 9), Defendant's Brief, (Doc. No. 12), and Plaintiff's Reply Brief, (Doc. No. 13).[1] Having fully considered the written arguments, administrative record, and applicable authority, the Commissioner's Decision is **AFFIRMED**.

**I.     BACKGROUND**

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below. Plaintiff Amy Owen Gibby filed the present action on October 20, 2022. (Doc. No. 1). Plaintiff assigns error to the Administrative Law Judge's ("ALJ") determination of her Residual Functional Capacity ("RFC")[2]. Specifically, Plaintiff argues that the ALJ failed to properly

---

[1] [1] Following amendments to the Supplemental Rules for Social Security Actions, 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.
[2] The Social Security Regulations define "Residual Functional Capacity" as "the

1

consider Plaintiff's mild limitations and "the combined impact of [Plaintiff's] non-severe mental impairment and her severe medical impairments in the RFC analysis." (Doc. No. 9 at 1–2).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Fourth Circuit defined "substantial evidence" as being "more than a scintilla" and "do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th

---

most [a claimant] can still do despite your limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] [R]esidual [F]unctional [C]apacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; and *Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). "But even under this deferential standard, we do not reflexively rubber-stamp an ALJ's findings." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (cleaned up).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id.* (citation omitted); *see also Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion). Where the ALJ fails to build that logical bridge, the Court must remand for further proceedings. *See Monroe*, 826 F.3d at 189; *Patterson v. Comm'r of Soc. Sec.*, 846 F.3d 656, 663 (4th Cir. 2017)).

### III. DISCUSSION

Plaintiff identifies two assignments of error on appeal. First, the ALJ erred

when he failed to include, or explain the absence of, any limitations in the RFC to account for Plaintiff's mild limitations in all four Paragraph B criteria pursuant to Social Security Ruling ("SSR") 96-8p, 1996 SSR LEXIS 5, *Mascio v. Colvin*, and *Ashcraft v. Colvin*. *See* 1996 SSR LEXIS 5, 1996 WL 374184, at *7; 780 F.3d 632, 638 (4th Cir. 2015); No. 3:13-CV-00417-RLV-DCK, 2015 U.S. Dist. LEXIS 170251, at *31 (W.D.N.C. Dec. 21, 2015). Second, the ALJ erred when he failed to account for the combined effect of Plaintiff's severe and non-severe medical impairments pursuant to SSR 96-8p, preventing the decision from being supported by substantial evidence. It appears to the Court that both of Plaintiff's assignments of error boil down to the same argument—the ALJ erred in his consideration—or lack thereof—of her mild mental limitations when determining her RFC. Nevertheless, the Court will address each assignment of error in turn.

**A. ALJ's RFC Assessment**

In *Mascio v. Colvin*, the Fourth Circuit held "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d 632, 636 (4th Cir. 2015). Even if the ALJ concludes that a limitation does not affect a claimant's RFC, the ALJ must still include a discussion in her narrative explaining how such conclusion was reached. *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). Said differently, the ALJ must show her work. *Id.* If this Court is "left to guess about how the ALJ arrived at his conclusions on [a

claimant's] ability to perform relevant functions . . . remand is necessary." Mascio, 780 F.3d at 637.

Some courts within the Fourth Circuit, including some within this district, have extended the *Mascio* requirement to mild restrictions. For example, in *Ashcraft v. Colvin*, the district court remanded where "the ALJ failed to explain whether Plaintiff's mild limitations translated into an *actual* functional limitation . . . in direct conflict with the *Mascio* court's opinion." *Ashcraft v. Colvin*, No. 3:13-CV-00417-RLV-DCK, 2015 U.S. Dist. LEXIS 170251, at *29–30 (W.D.N.C. Dec. 21, 2015). But this Court has repeatedly found that *Mascio* does not extend to all mental restrictions—more specifically, it does not extend *per se* to mild limitations. *See Sellers v. Saul*, No. 1:19-cv-272-RJC, 2021 U.S. Dist. LEXIS 57820, at *12 (W.D.N.C. Mar. 26, 2021); *Williams v. Berryhill*, NO. 3:17-CV-00467-RJC, 2018 U.S. Dist. LEXIS 168862, at *8 (W.D.N.C. Sept. 29, 2018); *Barnes v. Berryhill*, No. 5:17-cv-00052-RJC-DCK, 2018 U.S. Dist. LEXIS 27705, at *2 (W.D.N.C. Feb. 21, 2018).

Many other courts within this district and the Fourth Circuit have also declined to extend *Mascio* to mild restrictions. *See Smith v. Berryhill*, No. 3:17-cv-00506-FDW, 2018 U.S. Dist. LEXIS 119157, at *10 (W.D.N.C. July 16, 2018); *Hardy v. Berryhill*, 3:16-CV-00746-FDW, 2018 U.S. Dist. LEXIS 44434, at *15–16 (W.D.N.C. Mar. 19, 2018); *Carter v. Kijakazi*, No. 5:22-CV-159-GCM, 2023 U.S. Dist. LEXIS 137097, at *6–7 (W.D.N.C. Aug. 7, 2023); *Rena K. v. O'Malley*, No. 1:23CV683, 2024 U.S. Dist. LEXIS 155116, at *19 (M.D.N.C. Aug. 28, 2024) ("[T]he

5

weight of post-*Mascio* authority among the district courts in the Fourth Circuit does not favor extending *Mascio* to mild functional limitations." (cleaned up) (citing cases)).

Here, the ALJ found Plaintiff's "medically determinable mental impairment of depression does not cause more than a minimal limitation in [Plaintiff's] ability to perform basic mental work activities and is therefore nonsevere." (Tr. 18). The ALJ performed the paragraph B analysis, finding Plaintiff has mild limitations in all four of the broad functional areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself. (Tr. 18–19). Accordingly, because the present case involves no more than mild limitations, the ALJ did not err under *Mascio*, and Plaintiff's assignment of error fails to warrant remand.

Further, the ALJ's decision creates a logical bridge, and the Court is not "left to guess" about why the mild limitations failed to result in any actual functional limitation. *Mascio*, 780 F.3d at 637. At step two, the ALJ conducted a thorough analysis of Plaintiff's mild mental limitations with emphasis on how little such limitations affected Plaintiff. For example, in understanding, remembering, or applying information, the ALJ acknowledged that Plaintiff "consistently exhibited a normal fund of knowledge for her age," and treatment providers assessed her memory as "intact." (Tr. 18). Regarding the area of interaction with others, Plaintiff reported during a medical consultation her trouble with social interactions, but it was her migraines, not her depression, that led to her mild limitations in

6

interacting with others. (*Id.*) The ALJ acknowledged that otherwise, Plaintiff "consistently appeared cooperative with treatment providers, with no significant abnormalities in presentation." (*Id.* at 18). As for adapting or managing oneself, Plaintiff reported low motivation that impacted her daily living activities, but the ALJ recognized Plaintiff's "fair ability to function independently" and her reports of good driving ability. (*Id.* at 19). Furthermore, the ALJ noted that the record reveals no significant mood abnormalities, and he highlighted Plaintiff's improved mood and symptoms with medication. (*Id.* at 19). Significantly, the ALJ acknowledged Plaintiff's own testimony that her depression does not affect her ability to work. (*Id.* at 19).

While still conducting the step two analysis, the ALJ assessed a medical opinion from Becky Reavis, Ph.D., who opined that Plaintiff "would have a marked limitation" in "concentrating, persisting or maintaining pace." (*Id.* at 19). But the ALJ explained that he found Dr. Reavis' opinion unpersuasive because of the inconsistency between the severity of Dr. Reavis' opinion compared to the "unremarkable" results of her single examination of Plaintiff and other evidence in the record. (*Id.* at 19–20). Further, the ALJ discussed why the opinions of the State agency psychological consultants did not persuade him. (*Id.* at 20).

In the RFC assessment, although the ALJ did not explicitly address Plaintiff's depression or her mild mental limitations, the ALJ relied on similar evidence for the RFC assessment as that used in step two, such as evidence about Plaintiff's migraines as well as her good driving ability. (*Id.* at 22–24). The ALJ

7

specifically referenced the medical opinions and his step two analysis in his RFC assessment as follows:

> The undersigned also considered the opinions of consultative examiner Becky Reavis, Ph.D. and of the State agency psychological consultants. (8F, 2A and 4A) There is a thorough discussion of the opinions of Dr. Reavis and the State agency psychological consultants above in Section 3 of this decision at pages three through six of this decision. For the reasons stated above, the undersigned finds those opinions not persuasive.

(*Id.* at 23–24). This reference indicates an incorporation of the ALJ's thorough step two analysis into the RFC assessment. Further, while recognizing that the paragraph B analysis is not a replacement for the RFC analysis, the ALJ stated at the end of the step two discussion that the RFC "assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." (Tr. 20).

For the foregoing reasons, the Court finds no *Mascio* error in the ALJ's decision. *Mascio* involved moderate limitations, while the Plaintiff in the case before the Court has mild limitations in such areas. Further, the ALJ's consideration and discussion is grounded in substantial evidence. Accordingly, the Court finds the ALJ's RFC analysis sufficient and declines to remand the case on the basis of <u>*Mascio*</u>.

### B. ALJ's Combined Effect Consideration

In her second assignment of error, Plaintiff contends the ALJ failed to account for the combined effect of Plaintiff's non severe mental impairments and severe physical impairments pursuant to SSR 96-8p, 1996 SSR LEXIS 5, preventing substantial evidence from supporting the ALJ's decision. The Court finds the ALJ

did not err because the ALJ's decision includes an adequate analysis of the combined effect of Claimant's severe and non severe impairments.

Congress requires consideration of the "combined effect of [a claimant's] impairments" whether severe or non-severe. 42 U.S.C. § 423(d)(2)(C) (1982 and Supp.1988); *see generally Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) (per curiam). In doing so, "the ALJ must adequately explain his or her evaluation of the combined effect of impairments." *Hines*, 872 F.2d at 59. "This rule merely elaborates upon the general requirement that a ALJ is required to explicitly indicate the weight given to relevant evidence." *Id.*

Here, the ALJ found Plaintiff has two severe impairments, migraines and disorder of the thyroid gland, and one non severe impairment, depression. (Tr. 17). As discussed above, the ALJ performed a thorough analysis of Plaintiff's mental impairment in step two, finding that Plaintiff had non severe, mild mental limitations in each of the four paragraph B functional areas. While it is true that the ALJ did not detail evidence surrounding Plaintiff's depression in the RFC analysis, the ALJ provided extensive discussion in step two regarding how little such limitations affected Plaintiff. Reference to that discussion in the RFC supports a finding of no actual functional limitation in those areas. Further, the ALJ stated in step two that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (Tr. 18).

Accordingly, the Court finds the ALJ considered Plaintiff's non severe impairments in combination with her other impairments when assessing her RFC. *See Chavis v. O'Malley*, No. 3:23-cv-000757-FDW, 2024 U.S. Dist. LEXIS 127193, at *17–20 (W.D.N.C. July 18, 2024) (finding the ALJ did not err in failing to explicitly consider the non severe mental impairments in the RFC analysis where the ALJ conducted a thorough analysis of such impairments in step two and relied on similar medical evidence in the RFC); *Britt v. Saul*, 860 Fed. Appx. 256, 262 (4th Cir. 2021) (unpublished) ("While the administrative law judge did not specifically address [Claimant's] chronic pain, reflux, and hypothyroidism in the [RFC] analysis, neither our caselaw nor the regulations explicitly require this. The judge is only required to *consider* these non-severe impairments."); *Perry v. Colvin*, 2016 U.S. Dist. LEXIS 40169, at *12 (S.D. W. Va. Mar. 28, 2016) ("The less functional limitation the ALJ determines a given mental impairment to impose on an individual's ability to work at step two, the less will be the need for the ALJ to consider such impairments in the ultimate RFC assessment.").

"Meaningful review is frustrated—and remand necessary—only where we are unable to fathom the rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (cleaned up). Such is not the case here. Plaintiff's argument is without merit and the Commissioner's decision is affirmed.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Commissioner's decision is **AFFIRMED.**

10

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: January 6, 2025

Robert J. Conrad, Jr.
United States District Judge